**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**CLARENCE VERNON VINCENT** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:15CV-P94-JHM**

**HENDERSON CNTY. DET. CTR.** **DEFENDANT**

**MEMORANDUM OPINION**

On April 13, 2015, Plaintiff Clarence Vernon Vincent filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1).

However, Plaintiff failed to file page six of the complaint form. Thus, he failed to state the relief he seeks in this action and failed to sign the complaint under penalty of perjury. On July 30, 2015, the Court ordered Plaintiff to complete and submit page six of the court-approved form for filing an action pursuant to 42 U.S.C. § 1983 within 30 days of entry of the Order and mailed the Order to Plaintiff at his Bullitt County Detention Center address (DN 9). This Order was returned to the Court marked “Return To Sender, Inmate Not Here” and “Return to Sender, Refused, Unable to Forward” (DN 10). A review of the docket in this case reveals that Plaintiff has taken no action in this case since April 13, 2015, when he filed the documents which initiated this action.

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) (“All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party’s counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant’s case or other appropriate sanctions.”). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with LR 5.2(d) and has failed to take any action in this case subsequent to filing the documents initiating this action, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action. The Court will dismiss the action by separate Order.

Date: September 16, 2015

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4414.003